**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WELLS FARGO BANK, NATIONAL
ASSOCIATION, successor-by-merger to
Wachovia Bank National Association,

        Plaintiff,

vs.                            Case No.  3:10-cv-609-J-37MCR

SOUTHERN BOYS INVESTMENT GROUP,
LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc.

23) filed April 18, 2011.  Defendants failed to file responses, and the time for doing so

has passed.  The Court, having considered the Motion, affidavits, and exhibits attached

thereto as well as the Complaint and exhibits thereto (Doc. 1), and being otherwise

advised in the premises, recommends Plaintiff's Motion be granted.

## I.  BACKGROUND

    Plaintiff, Wells Fargo Bank, is a national banking association and is the

successor by merger to Wachovia Bank.  On December 30, 2009, Plaintiff filed a

Complaint in this Court alleging breach of note by Defendant, Southern Boys

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Investment Group, and breach guaranty by each of the other individual defendants. (Doc. 1).[2]  Defendants failed to respond to the Complaint and on October 8, 2010 and April 12, 2011, the Clerk entered default against Defendants.  (Docs. 15 and 22). Plaintiff now moves for default judgment against Defendants.  (Doc. 23).

## II.   ANALYSIS

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter final default judgment against a defaulting party, however, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] Rather, the Court must find "a sufficient basis in the pleadings for the judgment entered."  Id.  A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206)).  Accordingly, in ruling on the motion for default judgment, the Court must examine in further detail Defendants' liability under the causes of action alleged in the Complaint.

---

[2]  The Complaint also included a count for unjust enrichment.  As the Court is granting Plaintiff's breach of note and breach of guaranty claims, it need not consider Plaintiff's alternative unjust enrichment claim.

[3]  In the case of Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

A.     <u>**Liability**</u>

As an initial matter, the undersigned notes that it has diversity jurisdiction pursuant to 28 U.S.C. §1332.  Plaintiff is a citizen of South Dakota, its principal place of business.  <u>See</u> <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 126 S.Ct. 941 (2006).  Defendant, Southern Boys, is a citizen of Florida, the state where it is incorporated and where its principal place of business is located.  <u>See</u> 28 U.S.C. §1332(c) (stating a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business).  Defendants, Mohr, Douglas, and Rocker,  are citizens of Georgia and Defendant, Cox, is a citizen of Alabama.  Finally, as the Complaint seeks payment for over $200,000, the amount in controversy requirement is also met.

The Complaint alleges that on January 25, 2008, Defendant Southern Boys executed a promissory note (the "Note") in which it agreed to pay Plaintiff the sum of $497,077.17, the outstanding balance on a revolving line of credit originally issued to it on August 19, 2004 by Plaintiff.  (Doc. 1, Ex. A).  On August 19, 2004, Defendants, Christopher Mohr, Douglas Johnson, Jr., John Rocker, and Ray Cox (the "Guarantors"), each executed unconditional guaranties (the "Guaranties") in which they guaranteed timely payment and performance of all liabilities of Southern Boys pursuant to the Note. (Doc. 1, Ex. C).

According to the Complaint, Southern Boys failed to make payments under the Note and by letters dated October 9, 2009 and May 18, 2010, Plaintiff informed Southern Boys of its default and demanded payment in full.  (Doc. 1, Ex. B).  Despite

these letters, Southern Boys failed to pay its obligations.  Plaintiff contends that as of

April 12, 2011, the total amount outstanding on the Note was $201,661.84, which

consisted of principal in the amount of $136,315.93, unpaid interest in the amount of

$37,387.11, late charges in the amount of $12,390.96, and legal fees and expenses in

the amount of $15,567.84.  (Doc. 23, p.4).  Interest continues to accrue on the principal

at the rate of $29.35 per diem.  Id.  Plaintiff also points out that both the Note and the

Guaranties provided that Plaintiff would be entitled to recover its "reasonable expenses

actually incurred to enforce or collect any of the Obligations including, without limitation,

reasonable arbitration, paralegals', attorneys' and experts' fees, and expenses . . ."

(Doc. 23, Ex. A, ¶¶ 5, 10).

        The Note and the Guaranties provide that Florida law will govern.  "Under Florida

law, the elements for a breach of contract action are: (1) a valid contract; (2) a material

breach; and (3) damages."  J.J. Gumberg Co. v. Janis Services, Inc., 847 So.2d 1048,

1049 (Fla. 4th DCA 2003).  Upon review of the Complaint, the Motion, and the attached

affidavits, the undersigned finds Plaintiff has sufficiently alleged all required elements for

a breach of note claim.  Specifically, Plaintiff has alleged it had a valid contract with

Southern Boys, that Southern Boys breached the contract by failing to make payments

when due, and that Plaintiff incurred damages as a result of the breach.  (Doc. 1, ¶¶ 17-

20).  These facts, which have been established by virtue of Southern Boys's default, are

enough to establish Southern Boys's liability for breach of contract.

        Similarly, Plaintiff has sufficiently established the Guarantors' liability for breach

of guaranty.  "A guaranty is a collateral promise to answer for the debt or obligation of

another." <u>Palm Beach Strategic Income, LP v. 358 1276 Canada Inc.</u>, No. 08-CIV-80186, 2009 WL 7466346, at *5 (S.D. Fla. Feb. 10, 2009) (citing <u>Lockheed Martin Corp. v. Galaxis USA, Ltd.</u>, 222 F.Supp.2d 1315, 1325 (M.D. Fla. 2002)).  In Florida, rules applicable to contracts generally apply to guaranty contracts.  <u>Id.</u>  As stated above, the three elements of breach of contract in Florida are: (1) a valid contract, (2) a material breach, and (3) damages.  The Complaint alleges the Guaranties are valid contracts, the Guarantors breached these contracts, and that Plaintiff suffered damages as a result of their breach.  By virtue of the Guarantors' failure to answer the Complaint, they admit these allegations and accordingly, the undersigned finds a sufficient basis in the pleadings for entry of judgment on the breach of guaranty claims.

**B.**    <u>**Damages**</u>

Having found Plaintiff entitled to a default judgment on its claims, the undersigned turns to the question of damages.  "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." <u>Directv, Inc. v. Huynh</u>, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) (citing <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1543-44 (11th Cir. 1985) and <u>Directv, Inc. v. Griffin</u>, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003)).  In this case, to support its claim for damages, Plaintiff has provided a detailed affidavit from Michael Coggin, the Vice President for Wells Fargo Bank, along with copies of the Note and Guaranties.  (Doc. 23, Ex. A).  As the essential evidence regarding damages is before the Court, the Court concludes that the record in

this case is sufficient to calculate damages without an evidentiary hearing.  Specifically, Mr. Coggin's Affidavit establishes that as of April 12, 2011, the total amount outstanding on the Loan was $201,661.84, which consists of principal in the amount of $136,315.93, unpaid interest in the amount of $37,387.11, and late charges in the amount of $12,390.96.  (Doc. 23, Ex. A).  Plaintiff is also entitled to prejudgment interest on the principal until the date of judgment at the rate of $29.35 per day.  Id.

### C.   Attorneys' fees and costs

In addition to its damages, Plaintiff argues that it is entitled to legal expenses. Plaintiff points out that the Note and Guaranties  provided for payment of all of Plaintiff's expenses incurred to enforce or collect Southern Boys's obligations to Plaintiff, including attorneys' fees and expenses.  Plaintiff seeks $16,836.00 in attorneys' fees and $2,715.02 in expenses.  (Doc. 26).

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  The Florida Supreme Court has also adopted the lodestar approach for the computation of reasonable attorney's fees.  See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985).  An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)).

To aid in a court's determination of an attorney's reasonable hourly rate, it may also consider the relevant factors as set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.  Johnson, 488 F.2d at 717.  The going rate in the community is the most critical factor in setting the fee rate.  Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman, 836 F.2d 1292 at 1303.  With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates.  Id. at 1299.  In addition, as the Eleventh Circuit noted:

> "the court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Originally, in support of its request for attorneys' fees, Plaintiff attached an affidavit from attorney, Glenn E. Glover, simply stating that Plaintiff had incurred $14,000.00 in fees and $1,567.84 in expenses.  (Doc. 23, Ex. B).  Subsequently, the Court entered an Order notifying Plaintiff that this submission was inadequate and directing Plaintiff to file supplemental information from which the Court could fashion an award of attorneys' fees.  (Doc. 24).  In response, Plaintiff provided an amended affidavit from Mr. Glover which included an itemization of the attorneys' charges in this case.  The records indicate that seven different individuals billed time on this case with rates ranging from $85.00 to $320.00.  (Doc. 26, Ex. 1).  Despite the Court pointing out that Plaintiff had failed to "identify the names and titles of the individuals who rendered service to Plaintiff in connection with this litigation, much less any information regarding their respective skill and experience levels" (Doc. 24, p.1), the amended affidavit again failed to provide any information regarding the seven individuals who worked on this case and how the rates for these individuals were calculated.  Moreover, there is no showing regarding any of the <u>Johnson</u> factors, including any contention that these rates reflect the prevailing market rate in the community.[4]  Absent any such information, the Court will use its own judgment regarding the attorneys' fee award.

Initially, the Court notes that in this case, the Defendants made no appearance, there were no hearings, and no discovery was conducted.  This Court has previously held that absent special circumstances and without any evidence as to the <u>Johnson</u>

---

[4] The Court identified the <u>Johnson</u> factors in its Order directing Plaintiff to provide additional information regarding its request for attorneys' fees.  (Doc. 24, pp. 2-3).

factors, a fee over $10,000.00 would not be reasonable in a case such as this.  <u>See</u>

<u>Textron Financial Corp. v. Longstreet</u>, No. 6:09-cv-1210-Orl-28DAB, 2010 WL 331901,

at *4 (M.D. Fla. Jan. 28, 2010).  In <u>Textron</u>, a breach of contract case, the plaintiff filed

many more motions than Plaintiff in the instant case.  Indeed, the plaintiff in <u>Textron</u>

filed motions for a writ of replevin, for a temporary restraining order, and for abatement

of the case.  In the instant case, besides filing the complaint and the motions for default,

Plaintiff filed two motions for attorneys to appear <u>pro</u> <u>hac</u> <u>vice</u>.  Accordingly, using its

own judgment, the undersigned finds no special circumstances exist in this case and

therefore, recommends no more than $10,000.00 in attorneys' fees.  The Court finds the

requested $2,715.02 for expenses to be reasonable.

     Accordingly, after due consideration, it is

     **RECOMMENDED**:

     Plaintiff's Motion for Default Judgment (Doc. 23) be **GRANTED** and the Clerk be

directed to enter final judgment in Plaintiff's favor and against Defendants, jointly and

severally, in the total amount of $198,809.02 ($136,315.93 in principal, $37,387.11 in

interest, $12,390.96 in late charges, and $12,715.02 in legal expenses).  The principal

shall continue to accrue prejudgment interest at the agreed upon rate of $29.35 per

diem.

     **DONE AND ENTERED** in Chambers in Jacksonville, Florida this __26th__ day of

May, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Roy B. Dalton,
    United States District Judge,

Counsel of Record

Southern Boys Investment Group, LLC
c/o Abraham C. McKinnon
595 W. Granada Blvd., Suite A
Ormond Beach, FL 32174

Christopher G. Mohr
3260 Surrey Road
Thomson, GA 30824

Douglas Johnson, Jr.
713 Seminole Ridge Road
Melrose, FL 32666

John L. Rocker
1223 Manor Oaks Court
Dunwoody, GA 30338

Ray Cox
324 Bocage Drive
Dothan, AL 36301